By the Court.
The defendant in error was charged by indictment with murder in the first degree. Upon the trial of the accused on this indictment he admitted that he struck the blow that killed Joe Selichman, but claimed that the blow was struck in self-defense. Counsel for the accused, in open court, when called upon under the provisions of Section 13675, General Code, to state his defense, stated, among other things, the following:
“But in some way or other he (Vancak) hit him or struck him with the tool he used to work with, and unfortunately he hit him in such a place on the skull that it was broken and he died. * * * Well, he hit him in that way with a hammer after he had been attacked by the deceased. * * * I think that the testimony will show that under all the circumstances what this man did was in self-defense, and that he used only such force as he thought necessary after this man made an attack upon him.”
The jury returned a verdict finding the accused guilty of manslaughter. rK motion for new trial *212 was overruled, and the defendant sentenced to the penitentiary for a term of years. A proceeding in error was prosecuted in the court of appeals to reverse this judgment of the common pleas court, and that court reversed this judgment for the following reasons, as appears by its journal entry:
“The court erred in charging the jury as follows:
“It is admitted in this case that on the 28th day of November, A. D. 1912, at the county of Summit and state of Ohio, the' accused, Michael Vancak, struck the deceased, Joseph Selichman, then and there a living person, a blow on the head with a certain hammer. It is further admitted that said Joseph Selichman died as a result of said blow. The accused, however, denies that he intended to kill the said Joseph Selichman, and he further claims that he struck said blow in self-defense.
“That Michael Vancak, as a result of these admissions on his part, is guilty of manslaughter, as charged in the indictment, unless you find that he was acting in self-defense.
“If you do not find the accused guilty of murder in the first degree, as herein defined, beyond a reasonable doubt, and you find that he has not established the claim of self-defense by a preponderance of the evidence, then you should return a verdict of manslaughter. * * *
“As I have heretofore charged, the burden on the part of the state of proving, beyond a reasonable doubt, the guilt of the accused, is limited to murder in the first degree and murder in the second degree. If the accused has failed to prove, by a preponderance of the evidence, his claim of self-defense, he is guilty of manslaughter.”
*213 It appears from the bill of exceptions filed in this case that the defendant not only did not except- to the statements in the charge as to the admissions made by him but expressly disclaimed, any. exceptions in that behalf. This appears on page 558 of the bill of exceptions in the following language: “Defendant excepts to the charge as a whole, except the statement as to what the admissions were; we don’t except to that.” This is an affirmative declaration upon the part of the defendant that the court properly interpreted the admissions made by him, and properly stated these admissions to the jury, and it is no longer necessary to look to the opening statement of counsel .to determine whether or not this charge is correct in this particular, for the reason that counsel for the accused then and there acknowledged that it was correct and they did not except to the charge in that particular. If the court had made a mistake in this behalf then was the time to challenge its attention to that mistake, so that an opportunity to make a correction would have been afforded before the case was finally submitted to the jury. There being, therefore, no question presented in this record as to the correctness of the charge to the jury in reference to the admissions made by the accused, the only question that is presented is the correctness of the remaining paragaphs of the charge that are predicated upon these admissions.
Manslaughter is defined in Section 1204, General Code, in the following language: “Whoever unlawfully kills another except in the manner described in the next four preceding sections, is guilty of manslaughter.” The four preceding sections re *214 ferred to in Section 12404 relate to murder in the first degree and murder in the second degree.
Unless the act of the accused in striking Selichman was unlawful, he would not be guilty of assault and battery if the blow had not caused death. If the act was unlawful and the blow caused the death of Selichman, then the accused would be guilty of some degree of homicide, and not guilty of assault and battery only; that is to say, if the act was unlawful and resulted in death the accused must be guilty of manslaughter, and may be guilty of murder in the first degree or second degree. If from the evidence the jury should find that the accused was not guilty of murder in the first degree or guilty of murder in the second degree, the only remaining consideration for the jury is whether the accused is guilty or not guilty of manslaughter. Having admitted that he struck the blow that killed Selichman, then it was for the jury to determine whether that act was lawful or unlawful. If it was lawful, the accused was guilty of no crime and should have been acquitted. If it was unlawful and resulted in the death of Selichman, he was guilty of manslaughter. The accused, while he admitted that he struck the blow that killed Selichman, sought to justify his act upon the plea of self-defense. This was the issue presented to the jury. The accused was required to establish this plea of self-defense by a preponderance of the evidence. If the blow was struck in self-defense, then the act was lawful, and the accused innocent of any crime. If the blow was not struck in self-defense, then the act was unlawful, and, death *215 having ensued, the accused was guilty of manslaughter, unless the elements of murder in the first degree or murder in the second degree were present, and the jury having found that he was not guilty of murder in the first degree and not guilty of murder in the second degree, it follows that if he failed to sustain his plea of self-defense by a preponderance of the evidence, he was guilty of manslaughter, and, therefore, the charge of the trial court in this particular was not erroneous.
Judgment of the court of appeals reversed and the judgment of the common pleas court affirmed.

Judgment reversed.

Nichols, C. J., Shauck, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.